## No. 17,490.

PUEBLO, A MUNICIPAL CORPORATION *v.* J. ARTHUR GRADY.

(281 P. [2d] 513)

Decided March 21, 1955.

Mr. JOHN H. MARSALIS, for plaintiff in error.

Messrs. SEAVY & SEAVY, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error Grady was the duly appointed, qualified and acting chief of police within and for Pueblo, a municipal corporation, for the period from January 1, 1952, to and including November 1, 1952, and during that time was in the classified list of the civil service of the municipality. The City of Pueblo at the time was under a so-called city-manager form of government, and on February 18, 1952, the then acting city manager entered an order suspending Grady without pay for a period of forty-eight hours, and as provided, recommended an additional suspension of fifty-eight days. This order of suspension was communicated to the city council, by which the council was advised that if the recommendation was approved by it, such suspension shall be final, and further advised that a hearing may be held or not held in this matter, according to the discretion of the council. On February 28, 1952, at a regular meeting of the council a motion was made that the suspension order, as recommended by the city manager, be approved in full. The motion was passed over the objection of one councilman to the effect that the order should not be approved without the interested parties being allowed a hearing. Due to some disability, Grady did not perform any of the duties of the office during this period of suspension, but immediately at the end of the suspension period performed all of such duties until November 1, at which time he retired from the service. A copy of the suspension order was served on Grady on February 20, 1952, and he did not receive his pay in the amount of $847.65 for the period of suspension. He made no effort to be reinstated and brought no action to set aside the order of suspension. On February 13, 1953, he filed a claim with the city council for the amount of his salary for the period involved. The council on April 9, 1953, gave notice of a special meeting to be held on April 10,

1953, and plaintiff was requested to be present and present his claims relative to his suspension. Plaintiff appeared with counsel and testified under questioning. At the conclusion of this hearing the claim was referred back to the council for final disposition.

It is noteworthy that at this hearing the city attorney, upon request of the council, advised that this Court had held that a suspension could not be given without a hearing.

Following this action and on June 10, 1953, Grady filed his complaint in the district court to recover the sum of $884.00 alleged to be due him as salary for the period of suspension.

The city council denied that Grady was the qualified and acting chief of police for the whole of said period or that he had earned or was entitled to the salary in the amount prayed for, and admitted that it had refused to pay this amount because it was not due and owing. As a further defense the city alleged that the suspension, as hereinbefore outlined, was in accordance with the provisions of the city charter; that plaintiff, being notified of the suspension and charges, made no protest or objection to the city council; that by his failure to seek reinstatement or to protest such suspension, he acquiesced therein and was thereby precluded to seek recovery of the salary for the period of suspension; and also was precluded by laches. The city further answered by alleging that when plaintiff filed a claim with the city council for the amount of the salary and requested the council to reconsider its action of suspension and restore his salary to him, and the council granted a hearing and that this hearing, had at plaintiff's request, effectively cured any and all defects and imperfections that may have existed with reference to a hearing at the time when plaintiff was suspended.

The matter was tried to the court and was submitted upon stipulation as to the facts and the introduction of exhibits. The trial court rendered judgment for the plain-

tiff to review which, the city has procured the issuance of a writ of error from this Court.

The argument of counsel for plaintiff in error is summarized to the effect that plaintiff is precluded from recovery, because he was suspended in the manner provided by the city charter then in effect; further, that if the suspension was illegal, it still is a bar to plaintiff's recovery because the dismissal or suspension cannot be attacked collaterally, but only in a direct proceeding; that the right or title to a position in the civil service cannot be tried in an action for salary; that on being suspended it became plaintiff's duty to attempt to have the order of suspension vacated, if he felt that it was illegal, before he could collect his salary for such period; that his acquiescence in the suspension amounted to laches on his part, precluding his recovery.

Section 9 of Article 7 of the charter of the city of Pueblo reads as follows:

"Any officer, superintendent, or foreman shall have authority to suspend for cause any appointee working under him, for not more than forty-eight hours. If the commissioner of that department shall approve such suspension, he shall immediately certify the same or any additional suspension or dismissal he may recommend, to the council with his reasons therefor. If the same is approved by the council, such suspension or dismissal shall be final, provided, that any appointee in the civil service before being dismissed shall be given due notice of the charges and a hearing. At such hearing the council shall have power to compel the attendance of witnesses and the production of books and papers necessary to the proper investigation of the charge under consideration."

Section II (b) of Amendment No. 3 on page 3 of the so-called seven amendments reads as follows:

"II The City Manager shall:

"(b)   Except as such powers may be specifically otherwise designated herein, have the power to appoint, suspend and remove all heads of departments, and em-

ployees of the City; all appointments to be upon merit and fitness alone, provided however, that in the classified service all appointments, suspensions and removals shall be subject to the Civil Service provisions of the Charter of Pueblo."

The so-called city-manager plan amendment to the charter provides for the appointment, suspension and removal of heads of departments by the city manager provided, "* * * that in the classified service all appointments, suspensions and removals shall be subject to the Civil Service provisions of the Charter of Pueblo." It is to be noted that after the notice to the council of the suspension and approval of the council makes it final, it is only after the appointee, in civil service, before being dismissed, shall be given due notice of the charges and a hearing.

If the true intent and spirit of civil service is disregarded and the above section of the charter given a strictly literal interpretation, then it would appear that the city manager could suspend an employee in the classified list for any period of time, but if a dismissal was intended or involved, that the employee should have due notice and a hearing; however, this Court, in construing municipal charter provisions, has indicated in no uncertain terms that such literal interpretations are contrary to the spirit of true civil service regulations. We believe that full light is thrown upon this subject by our opinion in *Bratton v. Dice,* 93 Colo. 593, 27 P. (2d) 1028, which is ample and controlling authority sufficient to uphold the findings of the trial court herein to the effect that it is necessary that proper discipline be maintained in the police department; and occasions arise when the city manager is warranted in suspending an employee for a reasonable time if notice and a copy of the charges be served on the one suspended. The rule providing for such suspension, as was said in the Bratton case, supra, presupposes an accusation. The suspension could be determined to be proper or improper only upon a hearing

and the accused given full opportunity to present his case and contentions. This method of procedure is full protection for both the accused and the accusor. Without such a hearing the door is open to violation of the rights of the civil service employee; however, the record before us is convincing that the suspension of which complaint is made herein was due to the unfortunate advice of the city manager to the council, in which he advised that it was discretionary with the council whether or not a hearing should be held; and moreover, the council acted contrary to, and ignored, the opinion of the city attorney in suspending plaintiff without a hearing.

If the interpretation of the charter provision is so narrowed as to provide a hearing in cases of dismissal only, then there is nothing to prevent the city manager from ordering a suspension for any period of time according to his own caprice.

■■ Counsel for the city concedes that notice and a hearing is necessary, but insists that when plaintiff was granted a hearing by the council, the effect thereof was to remedy any failure to give notice and a hearing at the time of the suspension. Plaintiff never was provided with a copy of any charges and the mere fact of calling plaintiff after the suspension period had ended will not suffice for due notice and a hearing concerning suspension. This being an action at law for the recovery of salary due plaintiff, and not barred by the statute of limitations, the suggested application of the doctrine of laches has no application; furthermore, the statute of limitation was not pleaded by the city; and finally, it may be said that had the city council followed the advice of its legal advisor to the effect that a hearing was necessary, it is quite likely that our records would not have been encumbered with this proceeding. We believe the principles enunciated in the case of *Bratton v. Dice, supra,* are not only applicable here, but controlling as well. The findings and judgment of the trial court were correct and should be, and are, affirmed.