## No. 23287.

CASSIO FRAZZINI *v.* HARRY A. WOLF AND GUY E. PEACOCK.
(452 P.2d 13)

Decided March 24, 1969.     Rehearing denied April 14, 1969.

ALFRED L. CAPRA, JOSEPH P. LEWIS, for plaintiff in error.

KRIPKE, HOFFMAN and CARRIGAN, DANIEL S. HOFFMAN, for defendants in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

A fire within the City and County of Denver, on March 11, 1967, sparked the controversy between Chief Frazzini

and Assistant Chief Wolf and Captain Peacock, all officers of the Denver Fire Department, with which we are here concerned.

The Chief summarily suspended Wolf and Peacock, plaintiffs, for alleged misconduct in the performance of their duties at the fire. On March 14 and 15 the plaintiffs received notices that their suspensions were for ten and six days respectively.

Wolf and Peacock instituted an action in the district court in which they alleged that certain provisions of the Charter of the City and County of Denver and the "Rules and Regulations for the Government of the Fire Department" governed the procedure for suspension and penalties. The complaint prayed that the trial court order the Civil Service Commission to grant the plaintiffs a legal hearing forthwith concerning the suspension orders of the Fire Chief, or, in the alternative, that it order the Manager of Safety to grant a legal hearing forthwith, with the right of review by the Civil Service Commission.

The Chief, by private counsel, filed a motion to intervene, alleging in material part:

"That the power and authority of the Chief of the Fire Department, vested in that official by the Charter of the City and County of Denver, is herein sought to be curtailed and, in certain particulars, eliminated; that Frazzini would be bound by any judgment entered herein and the future course and conduct of his office, in certain particulars, would be governed by any judgment entered herein."

The motion was confessed and Frazzini's answer was filed. Plaintiffs then moved for summary judgment, which was granted, remanding the cause to the Manager of Safety for a hearing.

"* * * consistent with the general requirements of due process, within a reasonable time, so that said Plaintiffs will have the opportunity to defend against charges preferred * * * against them by the Chief of the Fire De-

partment arising out of their alleged misconduct during a March 11, 1967, fire * * *."

It should be noted that at the start of the hearing on the motion for summary judgment, Frazzini's original counsel withdrew his representation and it was assumed by the City Attorney. Subsequently, counsel now of record in this court filed a "MOTION TO OPEN THE JUDGMENT, MAKE NEW FINDINGS AND ENTER JUDGMENT FOR DEFENDANTS AND INTERVENOR." The intervenor is the only plaintiff in error and is represented solely by counsel of his own choosing.

In support of his motion to open the judgment, the Chief relied upon a document dated November 25, 1966, which, in full, states:

"DENVER FIRE DEPARTMENT
    914 12TH STREET
    DENVER, COLORADO

                                      November 25th, 1966
"TO:       ALL OFFICERS AND MEMBERS
"FROM:     CASSIO FRAZZINI, CHIEF OF DEPART-
           MENT
"SUBJECT:  DEPARTMENT RULES AND REGULA-
           TIONS

"Article XI, Sections 1 thru Section 7 of the Department Rules and Regulations is hereby amended to read as follows:

"Any Officer or Member of the classified service of the Denver Fire Department shall be subject to discharge [sic], reduction in grade, fine and suspension for a violation of the written rules and regulations of Fire Department governing the conduct of said members.

"Rules relating to disciplinary proceedings shall be those set forth in the Charter of the City and County of Denver and specifically as set forth in C.5.73 thru C.5.73-6.

                    "By order of;
                    /s/ Cassio Frazzini
                    Cassio Frazzini, Chief
                    Denver Fire Department"

"Approved
/s/ Alfred L. Capra
Alfred L. Capra, Manager
Department of Safety & Excise."

The issue, which we are asked to resolve, is stated by the intervenor in this language:

"Stripped to its naked essentials, and notwithstanding a rather voluminous record, this case involves only one issue; namely, does the Chief of the Denver Fire Department have the authority to suspend members of the Department for ten days or less, either with or without a 'hearing'?"

The trial court, in its order of October 6, 1967, found that the applicable charter provision was Section C.5.73-1, which provides:

"Both the Chief of the Fire Department and the Chief of the Police Department shall have the power and authority to suspend for not more than ten days without pay, any member in the classified service under their respective commands whenever said suspension shall be in accordance with the internal Rules and Regulations of their respective departments."

And that on said critical dates,

"* * * there was in full force and effect Rules and Regulations of the Denver Fire Department providing that:

"All charges preferred against members will be heard by the Manager of Safety and Excise * * * [who shall have full power to determine penalties]."

The record discloses that the Rules and Regulations were originally adopted by the Manager of Safety and Excise on December 1, 1952, and were routinely re-adopted, with any regularly adopted changes, each time a new Manager of Safety took office. In spite of this procedure it is the contention of the plaintiff in error that the Rules and Regulations had been superseded by the Charter Section above quoted, which section is part of an amendment adopted in 1960. The plaintiff in error contends that because of the supersession the Chief has

absolute power to suspend a fireman for up to ten days with or without a hearing. We disagree with the plaintiff in error's contention. We do, however, agree with the trial court.

The plaintiffs concede that the Chief has power and authority to summarily suspend a member of the department for a violation of the Rules and Regulations or the disobedience of any lawful order. However, they correctly and successfully contended in the trial court that charges had to be preferred against them, that they were entitled to a hearing before the Manager of Safety, and that the punishment was determinable by the manager. We agree. Nothing less would constitute due process. See, *Pueblo v. Grady*, 131 Colo. 313, 281 P.2d 513; *Bratton v. Dice*, 93 Colo. 593, 27 P.2d 1028.

In *Cain v. Civil Service Commission*, 159 Colo. 360, 411 P.2d 778, we sustained an order of the Chief of Police discharging a police officer, which discharge was approved by the Manager of Safety without a hearing. However, the discharged police officer sought and received a full review of the order of discharge by the Civil Service Commission. The commission, after receiving the testimony of eleven witnesses, including the officer, sustained the action of the Chief and the Manager of Safety. In *Cain* charges were made in writing and the accused was accorded a full hearing. Although the procedure in *Cain* and that ordered by the trial court are not identical, both afforded the accused due process.

We note that the purported rule change of November 25, 1966, was not circulated or published until after the Chief had suspended Wolf and Peacock and after the Manager of Safety who issued it had resigned from office, so consequently it is invalid for those reasons alone. Even had it been lawfully promulgated on the date which it bears, for the reasons above expressed, the trial court properly ignored it.

The other arguments advanced by the plaintiff in error are without merit.

We agree with the conclusions and reasoning of the trial court and, accordingly, affirm.

Judgment affirmed.