Nick DeBONO, Plaintiff,

v.

Christopher VIZAS, City Manager, and the City of Trinidad, Colorado, Defendants.

Civ. A. No. 76–F–1218.

United States District Court, D. Colorado.

Feb. 28, 1977.

Stanley W. Ereckson, Jr., Denver, Colo., for plaintiff.

Bruce D. Pringle, Denver, Colo., for defendants.

## ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S COMPLAINT

SHERMAN G. FINESILVER, District Judge.

This matter arises on Defendants' Motion to Dismiss, filed January 24, 1977. The central issue in this case is whether the procedures followed in suspending Plaintiff from his employment violated the due process clause of the Fourteenth Amendment.

Plaintiff's Amended Complaint, filed January 3, alleges that he was suspended without pay from the Trinidad, Colorado, Police Department on October 8, 1976 by Defendant Vizas, the city manager. Plaintiff, a police sergeant, was suspended for the stated reason that he had been indicted by a Grand Jury for official misconduct. He was informed of the reasons for his suspension by letter, which also permitted him to request a hearing within ten days. A hearing on November 8 allegedly resulted in a mistrial. Defendant has refused to provide any further administrative review of Plaintiff's suspension.

Plaintiff alleges that he has a constitutionally protected property right to continued employment, and that he is entitled to prior notice of the charges against him, and a hearing either prior to or immediately after his suspension. Plaintiff further argues that the city manager has no right to suspend him. He demands both reinstatement and back pay.

Defendants argue that (1) the city is not liable for § 1983 violations; (2) the city manager has authority to suspend employees of the city; (3) Plaintiff had no property right to continued employment; (4) C.R.S. § 31–3–211(2), which Plaintiff claims that Defendants violated, no longer exists; (5) any claim that the city manager has no authority to suspend, but only to terminate, is moot, because Plaintiff was dismissed on January 19, *nunc pro tunc* October 8, the date of his suspension; and (6) this Court should abstain, because there are substantial issue of uncertain state law.

■ We have considered Plaintiff's Opposing Brief, filed February 4, and Defendants' Reply Brief, filed February 14. We hold that Plaintiff had no constitutionally protected property right to continued employment, and that no liberty interest was infringed. We need not reach the first, fifth, and sixth defenses raised in Defendants' Motion. It appears beyond a reasonable doubt that no set of facts in support of the allegations of Plaintiff's Complaint can support a claim for relief in this court. Plaintiff's Motion to file a Second Amended Complaint, which attacks the validity of Plaintiff's dismissal as well as of his suspension, and Plaintiff's Motion for a Preliminary Injunction, filed on February 4 and February 9, are moot as a result of this decision.

### I.

Both sides to this dispute agree that whether there was a deprivation of due process depends on whether Plaintiff had a constitutionally protected property right to continued employment. All parties further agree that whether Plaintiff had a constitutionally protected property right depends on whether state law provides an expectation of continued employment. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Bd. of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The central issue in this case, therefore, is whether state law raises such an expectation.

### II.

Before turning to an examination of state law, we must note the limited scope of the federal issue raised by the pleadings in this case. It is clear from the above Supreme Court cases that an expectation of continued employment, which would require a hearing, may also arise through implied agreements or administrative regulations. *Perry, supra,* at 602–603, 92 S.Ct. at 2694; *Roth, supra* at 577–578, 92 S.Ct.

2701; *see also Mitchell v. King,* 537 F.2d 385, 390–391 (10th Cir. 1976); *Weathers v. West Yuma County School Dist. R–J–1,* 530 F.2d 1335, 1337 (10th Cir. 1976); *Hamm v. Scott,* No. 76–M–910 (D.Colo., Jan. 25, 1977). However, Plaintiff makes no claim or argument that such an understanding existed among the parties, or that any administrative regulations were violated by Defendants. Rather, Plaintiff relies on C.R.S. "31–3–211(2)" as the source of his alleged entitlement to continued employment.

■ Moreover, Plaintiff makes no claim or argument that he was suspended for a constitutionally impermissible reason. Even without a property right to continued employment, a court would have to investigate the merits of such an allegation. *Perry, supra; Bertot v. School Dist. No. 1, Albany County, Wyo.,* 522 F.2d 1171 (10th Cir. 1975). Nor does Plaintiff allege that his suspension was in violation of federal statutes, such as the civil rights acts. Therefore, our analysis must focus on an interpretation of state law, in order to determine whether Plaintiff possessed a property right protected by the Fourteenth Amendment.

### III.

C.R.S. § 31–4–211(2) (1975) repealed and re-enacted § 31–3–211(2), which is referred to in Plaintiff's Amended Complaint. The language of both sections is identical. Therefore, we will treat Plaintiff's Amended Complaint and his arguments in support thereof as referring to § 31–4–211(2): "Officers and employees appointed by the city manager may be removed by him at any time for cause. The decision of the city manager in any such case shall be final."

### IV.

■ Initially, Plaintiff argues that the power to remove employees does not include the power to suspend employees. We disagree, and the Colorado Supreme Court has decided that the power to remove does include the power to suspend. *Bratton v. Dice,* 93 Colo. 593, 27 P.2d 1028, 1031 (1933).

Plaintiff's principal argument is that the words, "for cause," create a constitutionally protected property right to continued employment, which requires a hearing to review the city manager's decision. The strongest support for this position lies in Footnote 8 of *Bishop v. Wood, supra,* 426 U.S. at 345, 96 S.Ct. at 2078:

> In that case [*Arnett*] the Court concluded that because the employee could only be discharged for cause, he had a property interest which was entitled to constitutional protection. In this case, a holding that as a matter of state law the employee "held his position at the will and pleasure of the city" necessarily establishes that he had *no* property interest. The Court's evaluation of the federal regulations involved in *Arnett* sheds no light on the problem presented by this case.

*See Jacobs v. Kunes,* 541 F.2d 222, 224 (9th Cir. 1976).

We believe that Footnote 8, *supra,* was intended as an aid in statutory construction. The purpose of construing state statutes is to determine whether the statute, taken as a whole, creates an expectancy of continued employment. In *Arnett* itself, the extensive analysis of the legislative history of the federal civil service regulations, and the Court's consideration of the statutory scheme as a whole, belie the assertion that the addition of the words, "for cause," automatically creates a constitutionally protected property right. The entire statutory purpose must be considered in making such a determination. We note that in *Bishop,* the state statute listed the causes for which a permanent employee may be discharged by the city manager. Yet, the Court accepted the lower courts' interpretation of the statute, to the effect that Plaintiff "held his position at the will and pleasure of the city". *Id.* 426 U.S. at 345, 96 S.Ct. at 2078.

### V.

Neither the parties nor the court have been able to find any Colorado cases that

define the power of a city manager to remove employees pursuant to § 31–4–211(2) or its predecessor. Were the statutory language unclear as to whether it created an expectancy of continued employment, we might have certified this issue to the Supreme Court of Colorado. However, the second sentence makes both the nature of Plaintiff's interest in his employment and the legislative intent regarding the city manager's power to remove an employee of a non-home rule city very clear. Our ability to interpret such a state statute is further bolstered by *Bishop, supra,* 426 U.S. at 346, 96 S.Ct. at 2078, and Footnote 10. This Judge has previously served on the state trial court of Colorado, and continues to have many opportunities to interpret state law while sitting on the federal bench.

## VI.

§ 31–4–211(2) clearly indicates that Plaintiff held his position subject to the final decision of the city manager. The state legislature thereby specifically excluded the necessity of providing any procedure for an administrative hearing either before or after the city manager's decision. This type of statute accords with the powers generally held by city managers. *See* 56 *Am.Jur.* 2d, Municipal Corporations § 186 at 238–239 (1971). All the Colorado cases cited by Plaintiff for the proposition that he is entitled to notice of charges and a hearing construed city charter provisions which provided for such procedures. *Frazzini v. Wolf,* 168 Colo. 454, 452 P.2d 13 (1969); *Pueblo v. Grady,* 131 Colo. 313, 281 P.2d 513 (1955); *Bratton v. Dice, supra; Alderman v. Darrow,* 13 Colo. 460, 22 P. 784 (1889). Unlike the statute in *Bishop,* the Colorado statute does not even restrict the city manager's power to remove employees for particular causes. *A fortiori,* the Colorado statute offers even less of a property right expectancy to continued employment than the statute in *Bishop.* We note again that the constitutionality of the statute itself is not challenged in this case, as it was in *Arnett.*

## VII.

Except in certain situations, as where an employee has formal tenure rights, public employment is generally not a constitutionally protected property interest. *Abeyta v. Town of Taos,* 499 F.2d 323, 327 (10th Cir. 1974); *Rucker v. Cronin,* 74–F–611 (D.Colo., July 31 and Oct. 7, 1975). We find that § 31–4–211(2) does not give rise to the type of expectancy that serves as a ground for the existence of a property right protected by the Fourteenth Amendment. Therefore, no due process violation occurred in denying Plaintiff a hearing on the city manager's decision to suspend or dismiss him. This is true regardless of whether Plaintiff was gratuitously afforded an administrative hearing by the city manager, the procedural aspects of which were objected to by Plaintiff.

## VIII.

Plaintiff alleges that Defendants infringed a constitutionally protected liberty interest when they terminated his employment for reasons that affected his reputation and ability to obtain other employment opportunities. However, every suspension or dismissal will necessarily affect one's community reputation, and will make it more difficult to obtain future employment. Plaintiff's allegation is *prima facie* insufficient to state a claim that Defendants violated a liberty interest protected by the Fourteenth Amendment. *See Bishop, supra; Arnett, supra; Perry, supra; Roth, supra.*

There is no claim that the city took steps to publicize Plaintiff's suspension. Plaintiff does not dispute the fact that he was informed of his suspension by letter. Where there is no public disclosure of the reasons for discharge, even if the reasons are false, Plaintiff's constitutionally protected interest in liberty has not been impaired. *Bishop, supra,* 426 U.S. at 347, 96 S.Ct. at 2046. Further, Plaintiff's suspension was based not on charges fabricated by the city manager, but on a Grand Jury indictment for misconduct in the performance of his offi-

cial duties. The damage to his reputation, therefore, arose not out of his dismissal, but out of the prior indictment by the Grand Jury. Even if such charges were not true, the mere appearance of such impropriety in a police sergeant, which damages the professional reputation of the Police Department in the community, might be cause for suspension or dismissal. See *Pickering v. Bd. of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968) and *Tygrett v. Washington,* 346 F.Supp. 1247, 1251 (D.D.C. 1972), wherein it was held that damage to the reputation of a public agency as a result of the speech of an employee may outweigh the employee's First Amendment rights. Because the stated reason for Plaintiff's suspension is not claimed to be in violation of his constitutional rights, we need not reach the nonconstitutional issue of whether there was sufficient cause for Plaintiff's dismissal in this case. We conclude that the actions of Defendants, as alleged by Plaintiff, did not violate his constitutionally protected liberties.

### IX.

In sum, Plaintiff's Complaint does not raise a potential violation either of his constitutionally protected property or liberty interests. Plaintiff does not attempt to base the source of such Fourteenth Amendment rights in anything other than a state statute, the constitutionality of which is not challenged. Finally, Plaintiff does not allege that the stated reason for which he was suspended violates either a federal constitutional or statutory right. Therefore, Plaintiff's Complaint must be dismissed for lack of a substantial federal question: "the Court has a duty to construe a federal statute to avoid constitutional questions where such a construction is reasonably possible." *Arnett, supra,* 416 U.S. at 162, 94 S.Ct. at 1648.

The "for cause" language in § 31–4–211(2) requires only that the city mana-

ger's decision not be arbitrary. If Plaintiff wants to challenge Defendants' actions on the ground that they were arbitrarily taken, the proper judicial forum for adjudicating his rights under the state statute is in state court, not in federal court.*

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Bishop, supra,* 426 U.S. at 349, 96 S.Ct. at 2080.

### X.

ACCORDINGLY, it is hereby ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint is GRANTED. The clerk of the Court will enter judgment for Defendants and against Plaintiff.

---

\* We note that even if Plaintiff chooses to challenge the constitutionality of the statute itself, he may raise this issue in the state court, together with his state law claim.