Thomas CLOUSER, Plaintiff,

v.

CITY OF THORNTON, et al., Defendants.

Civ. A. No. 87–C–837.

United States District Court, D. Colorado.

Dec. 31, 1987.

David L. Smith, Denver, Colo., for plaintiff.

Jonathan A. Cross, Halaby & McCrea, Denver, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff's complaint alleges claims under 42 U.S.C. § 1983 and § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794. Defendants are the city of Thornton, Colorado, the city's manager Jack Ethredge, and the city's finance director, Bob Letchworth.

The complaint alleges that the defendants acted under color of Colorado law "to strip the [p]laintiff of his duties and responsibilities" as administrative assistant to the Thornton city manager, and "to terminate him from his employment with the city because of his hearing impairment handicap" in violation of § 1983 and § 504. More specifically, he contends that: (1) his discharge deprived him of his liberty and property interests protected by the due process clause of the Fourteenth Amendment because it was without proper notice, hearing, or cause; and (2) he was discriminated against because of his handicap in violation of § 504.[1]

Plaintiff is seeking: (1) reinstatement into his former position as administrative assistant with restoration of salary and benefits; (2) actual and compensatory damages; and (3) punitive damages against the individual defendants.

Currently before me is the motion for summary judgment filed by all three defendants. As grounds for summary judgment, they allege that: (1) the plaintiff's liberty interest claim fails to state a claim for which relief may be granted; (2) the plaintiff has no property interest in continued employment with the city; (3) § 504 does not apply to the defendants because federal funds did not aid the plaintiff's position with the city; and (4) the individual defendants are entitled to qualified immunity because reasonable officials in their position could have believed that their actions were lawful. I shall consider these contentions in the order stated.

Under Fed.R.Civ.P. 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The parties have briefed the issues and oral argument would not materially assist my decision.

### 1. *Liberty Interest.*

■ Plaintiff contends that the defendants are liable under § 1983 because their discharge of the plaintiff violated his liberty interest protected by the due process clause of the Fourteenth Amendment.[2] Defendants respond that the plaintiff's discharge could not have deprived him of his liberty interest because: (1) the liberty interest component of the Fourteenth

---

**1.** Defendants contend that the plaintiff was discharged because budget cuts required the elimination of his position. Additionally, they assert that the plaintiff was offered the job of spokesman for the city manager, but declined the offer because of his hearing impairment. After he learned of the elimination of his administrative assistant position, the plaintiff applied for a permanent position as a financial analyst. According to the defendants, the plaintiff was not offered the financial analyst job because other applicants were more qualified. (Defendants' brief, at 2–3).

**2.** In order to state a claim under § 1983, the complaint must meet two requirements. First, it must allege that the defendants deprived the plaintiff of a right secured by the constitution or laws of the United States. Second, it must assert that the defendants acted under "color of state law" in infringing the protected rights. *See Freier v. New York Life Ins. Co.,* 679 F.2d 780 (9th Cir.1982); *Skadegaard v. Farrell,* 578 F.Supp. 1209, 1216 (D.N.J.1984) (it is settled law that § 1983 does not itself create a new substantive right. Rather it merely provides a remedy for violations of federally granted or guaranteed rights).

Amendment is only affected by a discharge if the employer releases false and stigmatizing information that harms the employee's reputation and ability to obtain future employment; and (2) here, the plaintiff has made "no allegations of such false and stigmatizing information...." (Defendants' brief, at 2.)

Defendants' argument is well-supported by case law. In *Miller v. City of Mission*, 705 F.2d 368, 373 (10th Cir.1983), the court stated:

> "'The concept of liberty recognizes two particular interests of a public employee: 1) the protection of his good name, reputation, honor and integrity, and 2) his freedom to take advantage of other employment opportunities.' ... The manner in which a public employee is terminated may deprive him of either of these liberty interests." (Citations omitted.)

For a public employee to plead a liberty deprivation claim asserting the first type of liberty interest, he must allege that the dismissal resulted in the publication of information that was false and stigmatizing. *Sipes v. United States*, 744 F.2d 1418, 1421 (10th Cir.1984); *Gomez v. City of Sheridan*, 611 F.Supp. 230, 236 (D.Colo.1985). A liberty interest may also be infringed if the employer "imposed on him a stigma or disability that foreclosed his freedom to take advantage of other employment opportunities." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); *Gomez*, at 236. As noted by the Court in *Roth*, however, a liberty interest is not implicated merely because "nonretention in one job, taken alone, might make him somewhat less attractive to some other employers...." 408 U.S. at 574, n. 13, 92 S.Ct. at 2707, n. 13.

Plaintiff has not alleged that his discharge either (1) resulted in the publication of false and stigmatizing language; or (2) has foreclosed his freedom to obtain other employment. I therefore conclude as a matter of law, that the plaintiff's claim under § 1983 for deprivation of his liberty interest fails to state a claim for which relief may be granted. That claim must be dismissed.

### 2. *Property Interest.*

■ The complaint alleges that the defendants discharged the plaintiff without proper notice and hearing, and therefore deprived him of his property interest in continued employment protected by the due process clause of the Fourteenth Amendment. Defendant contends that summary judgment is appropriate with respect to this claim because the plaintiff was "an at will employee who had no expectation of future employment." (Defendants' reply, at 4.)

Definition of the plaintiff's property interest in public employment is dependent on state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). The Supreme Court has stated that:

> "Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits." *Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709.

"Ultimately, the question is whether the plaintiff has a 'legitimate claim of entitlement' to the benefit alleged to constitute a property interest." *Gomez*, *supra*, 611 F.Supp. at 233 (citing *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709).

Plaintiff contends that Colo.Rev.Stat. § 31–4–211(2) creates a property interest in his employment with the City of Thornton. That section provides that: "Officers and employees appointed by the city manager may be removed by him at any time for cause. The decision of the manager in any such case shall be final."

Defendants, in response, argue that: (1) § 31–4–211(2) is inapplicable here because of the city's status as a home-rule city; and (2) even if that statute does apply to the city, it does not create for the plaintiff a property interest in continued employment. (Defendants' reply, at 3–4.)

With regard to the first argument, the defendants have failed to provide any authority supporting their assertion that a plaintiff forfeits a property interest created by state law upon undertaking employment by a home-rule city.

In support of the second contention, the defendants rely on *DeBono v. Vizas,* 427 F.Supp. 905 (D.Colo.1977). There the issue was whether § 31–4–211(2) provided a city policeman a property interest in continued employment. In holding that the policeman had no constitutionally protected right to continued employment, Judge Finesilver reasoned that the language of the statute clearly indicates that the plaintiff held his position subject to the final decision of the city manager. He added that "[t]he state legislature thereby specifically excluded the necessity of providing any procedure for an administrative hearing either before or after the city manager's decision." *Id.* at 908.

*DeBono,* however, preceded *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), where the Court held that " '[p]roperty' cannot be defined by the procedures provided for its deprivation any more than can life or liberty." *Id.* at 541, 105 S.Ct. at 1493. Thus under *Loudermill,* a property right in continued employment may exist regardless of whether the procedure for deprivation of that right is described as "final." [3] I am therefore unable to conclude at this stage of the proceedings that § 31–4–211 fails to provide the plaintiff with a property interest in continued employment with the defendant city. Thus the motion must be denied as to this aspect.

### 3. *Claim under § 504.*

■ According to the complaint, the defendants discharged the plaintiff because of his handicap and therefore violated § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794. Defendants, however, insist that, as a matter of law, the plaintiff's § 504 claim fails to state a claim that entitles him to relief because § 504

only applies to programs that receive federal funds, and the plaintiff was not discharged from a job in a city department that received federal funds.

In order to prevail under § 504, the plaintiff must prove that: (1) he is a handicapped person as defined in the statute; (2) he is otherwise qualified to participate in the program or activity at issue; (3) he was excluded from the program or activity solely by reason of his handicap; and (4) the program or activity receives federal financial assistance. *Doe v. New York University,* 666 F.2d 761 (2d Cir.1981).

Defendants do not address the first three requirements because they contend that the fourth element is not present in this case and, therefore, they are entitled to summary judgment. With respect to the fourth element, it is not necessary that the federal funds be used to provide the plaintiff's employment. *Consolidated Rail Corp. v. Darrone,* 465 U.S. 624, 104 S.Ct. 1248, 79 L.Ed.2d 568 (1984). "However the funds must have some nexus to the program or activity in which the handicapped person is to participate." *Henning v. Village of Mayfield,* 610 F.Supp. 17, 19 (N.D. Ohio 1985) (citing *Grove City College v. Bell,* 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed. 2d 516 (1984)). In *United States Department of Transportation v. Paralyzed Veterans of America,* 477 U.S. 597, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986), the Court held that § 504's coverage is limited to those entities that actually "receive," as opposed to merely "benefit" from, federal financial assistance. The Court reasoned:

"By limiting coverage to recipients, Congress imposes the obligations of § 504 upon those who are in a position to accept or reject those obligations as a part of the decision whether or not to 're-ceive' federal funds."

Plaintiff contends that § 504 applies to his claim for discrimination against the defendants because: (1) between October 1, 1984 and December 31, 1985, the defendant city received federal revenue sharing funds

---

**3.** Here, the procedure consists of the city manager determining that cause exists to discharge an employee.

for capital improvement projects under 31 U.S.C. § 6701 *et seq.*; and (2) his job as administrative assistant required him to use computer equipment that was purchased or leased by the defendant city's finance department with federal revenue sharing funds. (Plaintiff's affidavit, at 3.)

Defendants respond by arguing that the plaintiff only used the computers during his stint as a temporary employee in the finance department. They add that because the plaintiff is not complaining about his treatment in that department, there is not a sufficient nexus between the federal funds and his employment with the defendant city. They contend:

"[T]he contractual nexus provided by the word processors concern Plaintiff's duties in the finance department, regarding which he has no complaint—he only complains about being stripped of his former duties in the City Manager's office and about not being appointed to the permanent financial analyst position." (Defendants' reply, at 6.)

Plaintiff, however, insists that he used the federally-financed computers as an administrative assistant and that the defendants violated § 504 by "stripping" the plaintiff of his duties in that position. Thus there appears to be a material factual dispute regarding whether or not the plaintiff used the computers while serving in the position at issue, administrative assistant. Accordingly, I conclude that the issue of whether the plaintiff has standing to invoke the protection of § 504 is not ripe for resolution on the defendants' motion for summary judgment. The motion must be denied as to this ground.

### 4. *Qualified Immunity.*

Finally, I address the issue of whether the defendants Ethridge and Letchworth are entitled to qualified immunity with respect to the plaintiff's claims against them. Under the doctrine of qualified immunity, "government officials performing discretionary functions ... are shielded from liability for civil damages insofar as their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See Davis v. Scherer,* 468 U.S. 183, 194 n. 12, 104 S.Ct. 3012, 3019 n. 12, 82 L.Ed.2d 139 (1984) (immunity standard of *Harlow* applies in § 1983 actions).

When the affirmative defense of qualified immunity is raised, the plaintiff has the burden of convincing the court that his federal constitutional or statutory rights were clearly established at the time of the questioned conduct. *Id.* at 197, 104 S.Ct. at 3020; *Lutz v. Weld County School Dist. No. 6,* 784 F.2d 340, 342–43 (10th Cir.1986). Where a plaintiff fails to meet that standard, the court is required to enter judgment in favor of defendants who have pleaded the immunity defense. *Lutz,* 784 F.2d at 343. I therefore must determine whether the federal constitutional and statutory rights asserted by the plaintiffs were clearly established at the time the defendants Ethredge and Letchworth acted.

■ I first conclude that the doctrine of qualified immunity shields the defendants Ethredge and Letchworth from liability under § 1983 even if their discharge of the plaintiff without a pretermination hearing may have deprived him of his property interest in continued employment with the city.[4] Regardless of whether or not the plaintiff had such a property interest, qualified immunity applies because the plaintiff has failed to show that the individual defendants deprived him of a *clearly established* constitutional right to a pretermination hearing.

I need not consider the effect, if any, of *Loudermill, supra,* and other Supreme Court cases on the decision in *DeBono, supra,* because it is sufficient, for purposes of qualified immunity, that the individual defendants *might* have relied on the *DeBono* decision in deciding to discharge the plaintiff without a pretermination hearing. Whether or not they actually relied on *De-*

---

**4.** I have, of course, already held that the plaintiff's claim under § 1983 for deprivation of his

liberty interest fails to state a claim for which relief may be granted.

*Bono* is unimportant given the objective standard announced in *Harlow*.

■ Second, I conclude that the defendants Ethredge and Letchworth are entitled to qualified immunity with respect to the plaintiff's claim under § 504 of the Rehabilitation Act. Although I decline to determine for purposes of this summary judgment motion whether the city departments that the plaintiff worked for "received" federal funds within the meaning of § 504, I am aware of the uncertainty surrounding the nexus requirement of § 504. Thus I conclude that the plaintiff has failed to demonstrate that the individual defendants violated his *clearly established* statutory rights under § 504 when they terminated his city employment.

Accordingly, IT IS ORDERED that:

(1) Defendants' motion for summary judgment on the plaintiff's claim for deprivation of his Fourteenth Amendment liberty interest is granted.

(2) Defendants' motion for summary judgment on the plaintiff's claim for deprivation of his Fourteenth Amendment property interest is denied with respect to the defendant City of Thornton but granted with respect to the defendants Ethredge and Letchworth.

(3) Defendants' motion for summary judgment on the plaintiff's claim for violation of § 504 of the Rehabilitation Act is denied with respect to the defendant City of Thornton but granted with respect to the defendants Ethredge and Letchworth.