**Jesus LOPEZ, Jr., Plaintiff,**

v.

**Frederick N. MATTOON, Defendant.**

**Civ. A. No. 88–C–1581.**

United States District Court,
D. Colorado.

Oct. 26, 1988.

Jesus Lopez, Jr., Pueblo, Colo., for plaintiff.

James W. Avery, Greengard & Senter, Denver, Colo., for defendant.

### ORDER

CARRIGAN, District Judge.

Pro se plaintiff Jesus Lopez, Jr. commenced this action by filing a complaint in state district court for the City and County of Denver, Colorado. The state court complaint alleges that the defendant Frederick N. Mattoon violated the United States Constitution and various state laws by disclosing to the public certain information relating to the plaintiff's prosecution for practicing dentistry without a license.

On September 30, 1988, the defendant filed a petition for removal of the action to this court pursuant to 28 U.S.C. § 1446. Defendant asserts that removal is proper because the complaint contains a claim for relief pursuant to 42 U.S.C. § 1983. Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1343.

The allegations in the complaint appear quite convoluted. The complaint seems to allege the following facts: On August 31, 1988, an article appeared in the Pueblo Chieftain Newspaper stating that the plaintiff had failed to appear for a court date. The article quoted the defendant as the source of the information. Apparently, the defendant is an assistant district attorney for Pueblo County. Plaintiff asserts that

he only missed the court date because he had not been served by subpoena.

It also appears that the plaintiff's dentistry license was suspended by the Colorado State Board of Dental Examiners because he was unable to secure malpractice insurance. Plaintiff was subsequently arrested for practicing dentistry with a suspended license. The complaint asserts that as a result of the defendant's statements published in the Pueblo Chieftain, patients have stopped patronizing his dental office, and he is unable to transfer his established good will to a new dentist in the plaintiff's office who is licensed to practice dentistry in Colorado.

The complaint alleges that pursuant to § 1983 the plaintiff is entitled to recover from the defendant for the latter's deprivation of the plaintiff's constitutional due process rights. The complaint additionally appears to assert various state law claims for relief. Plaintiff seeks damages to compensate him for his loss of patients resulting from the allegedly defamatory statements. Additionally, he seeks compensation for physical injuries allegedly suffered as a result of the defendant's conduct.

Currently pending is the defendant's motion to dismiss the complaint and action pursuant to Rule 12(b), Fed.R.Civ.P. On October 18, 1988, the plaintiff submitted a brief in opposition to the motion to dismiss. I have reviewed thoroughly the pleadings, briefs, and other documents submitted. Oral argument would not materially assist my decision.

In reviewing the sufficiency of a complaint when tested by a motion to dismiss, I must accept as true the complaint's allegations and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiff has alleged no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Defendant asserts that the complaint and action must be dismissed because: (1) the complaint fails to state a claim under § 1983 for deprivation of a federally protected right; (2) defendant is shielded from § 1983 liability by the doctrine of qualified immunity; and (3) defendant is shielded from liability for any of the plaintiff's state law claims by the Colorado Governmental Immunity Act, Colo.Rev.Stat. §§ 24–10–101 *et seq.*

I shall first address the defendant's argument that the complaint fails to state a claim for relief under § 1983. If defendant is correct, then I must dismiss the § 1983 claim, and this court will lack jurisdiction to consider the plaintiff's state law claims.

In order to state a claim under § 1983, the complaint must meet two requirements. First, it must allege that the defendant deprived the plaintiff of a right secured by the constitution or laws of the United States. Second, it must assert that the defendant acted under "color of state law" in infringing the protected rights. *See Freier v. New York Life Ins. Co.,* 679 F.2d 780 (9th Cir.1982); *Skadegaard v. Farrell,* 578 F.Supp. 1209, 1216 (D.N.J.1984) (It is settled law that § 1983 does not create a new substantive right. Rather it merely provides a remedy for violations of federally granted or guaranteed rights).

For purposes of his § 1983 claim, the plaintiff appears to contend that the defendant violated the plaintiff's property and liberty rights protected by the Fourteenth Amendment to the United States Constitution by informing a Pueblo Chieftain reporter that the plaintiff failed to appear at a scheduled hearing to face the charge of practicing dentistry without a license.

Whether a plaintiff has a property interest protected under the Fourteenth Amendment depends on state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976); *Clouser v. City of Thornton,* 676 F.Supp. 228, 230 (D.Colo.1987). In *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Court explained:

"Property interests, of course, are not created by the Constitution. Rather they

are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and support claims of entitlement to those benefits."

■ Clearly, the instant complaint does not allege that the defendant deprived the plaintiff of a property interest created by state law. Thus I conclude that it fails to state a claim under § 1983 for deprivation of a property right protected under the Fourteenth Amendment.

The Tenth Circuit has recognized that "the concept of liberty safeguards two interests (1) the protection of one's good name, reputation, honor and integrity; and (2) one's freedom to take advantage of other employment opportunities." *Rich v. Secretary of the Army*, 735 F.2d 1220, 1226–27 (10th Cir.1984). In order to allege a claim for deprivation of a liberty interest resulting from the publication of information, the plaintiff must allege that the information was both false and stigmatizing. *Cf. Sipes v. United States*, 744 F.2d 1418, 1420 (10th Cir.1984); *Rich, supra.*

The instant complaint does not allege that the defendant spoke falsely when he informed the Chieftain reporter that the plaintiff had failed to appear at the hearing. Indeed, it is undisputed that the plaintiff had failed to appear.

Plaintiff cannot withstand the defendant's motion to dismiss by alleging that the defendant negligently failed to consider whether the plaintiff had been served with a subpoena for the hearing before he informed the reporter about the plaintiff's absence. In *Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), the Court held that the Fourteenth Amendment due process clause "is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property."

Moreover, the plaintiff does not even appear to be seeking damages caused by the defendant's disclosure that the plaintiff failed to appear for the hearing. Rather, the plaintiff seems to be seeking damages caused by disclosure of the fact that the plaintiff's dentistry license was suspended. However, it appears undisputed that the plaintiff's license was in fact suspended.

Thus the complaint fails to allege that either allegedly damaging disclosure by the defendant was false. Accordingly, it does not allege a claim for violation of the plaintiff's Fourteenth Amendment liberty interest.

My conclusion that the complaint fails to state a claim for violation of the plaintiff's liberty interest is supported by *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976). There a photograph bearing the plaintiff's name had been included in a "flyer" of "active shoplifters" that was circulated to area merchants after he had been arrested for shoplifting. After the shoplifting charge was dismissed the plaintiff filed a § 1983 action against the police chiefs who had circulated the flyer, alleging that their conduct deprived him of his constitutional rights to due process and privacy. The district court dismissed the action but the Court of Appeals for the Sixth Circuit reversed. The Supreme Court granted certiorari and reversed, holding that an attack on reputation alone does not implicate any liberty or property interest sufficient to invoke the procedural protection of the Fourteenth Amendment due process clause. The Court reasoned:

"[State] law does not extend to [the plaintiff] any legal guarantee of present enjoyment of reputation which has been altered as a result of [the defendants'] actions. Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions.

\* \* \* \* \* \*

"[Plaintiff] in this case cannot assert denial of any right vouchsafed to him by the State and thereby protected under the Fourteenth Amendment." *Id.* at 711–12, 96 S.Ct. at 1165–66.

The Court concluded that in order to establish a claim under § 1983 and the Fourteenth Amendment, a plaintiff must allege

more than simply defamation by a state official. The court also concluded that the plaintiff's claim for deprivation of his right to privacy was without merit.

██ Similarly, the plaintiff's claim asserted pursuant to § 1983 at most attempts to assert a claim for defamation by a local government official. If the plaintiff can successfully maintain a claim for defamation, then state tort law provides the means through which the plaintiff can seek vindication and damages.

For the reasons stated above I conclude that the complaint fails to state a claim against the defendant under § 1983. Accordingly, that claim must be dismissed. Without the presence of the § 1983 claim in this action, this court lacks jurisdiction to consider the plaintiff's state law claims for relief. I therefore remand the plaintiff's state law claims to the state district court.

IT IS THEREFORE ORDERED that:

(1) Defendant's motion to dismiss is granted in part and denied in part;

(2) Plaintiff's claim for relief pursuant to 42 U.S.C. § 1983 is dismissed for failure to state a claim upon which relief may be granted; and

(3) Plaintiff's state law claims are remanded to the state district court for the City and County of Denver, Colorado.