**Van STAFFORD and Lois Stafford, Plaintiffs,**

v.

**W.E. GOFF, John C. Statler, John Arbuthnot and Mark Schmidt, Defendants.**

**Civ. A. No. 85–C–629.**

United States District Court, D. Colorado.

May 25, 1985.

Van Stafford, pro se.

L. Richard Musat/Nancy Lopez, Hall and Evans, Denver, Colo., Rexford L. Mitchell, Mitchell & Mitchell, Rocky Ford, Colo., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiffs, Van and Lois Stafford, brought this action, *pro se*, seeking damages under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violations of their civil and constitutional rights. Although it is difficult to decipher the factual bases for the plaintiffs' claims, it appears that the alleged violations stem from the filing and prosecuting of a foreclosure proceeding against the plaintiffs' farm under a Federal Land Bank of Wichita ("Bank") mortgage. Plaintiffs allege that the defendants, John C. Statler, District Judge for Baca County, Colorado; Willard Goff, Sheriff of Baca County; John Arbuthnot, Undersheriff of Baca County; and Mark Schmidt, local counsel for the Bank, all conspired to deprive the plaintiffs of their civil and constitutional rights.

Defendants have moved to dismiss on the grounds of immunity and failure to state a claim upon which relief may be granted. The parties have briefed the issues, and oral argument would not assist in resolving them.

1. *Claims under 42 U.S.C. §§ 1985 and 1986.*

 In order to state a claim under 42 U.S.C. § 1985, the plaintiff must allege a "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1970). There is no such allegation in the plaintiffs' complaint. Therefore, the plaintiffs' § 1985 claim must be dismissed. Because a claim for relief under § 1986 is dependent upon the existence of a valid claim under § 1985, the plaintiffs' § 1986 claim must also be dismissed. *Brown v. Chaffee,* 612 F.2d 497 (10th Cir.1979).

2. *Claims under 42 U.S.C. § 1983.*

Plaintiffs seek damages from Judge Statler for allegedly depriving them of property by "signing several documents." They also allege that Judge Statler "knew or reasonably should have known of the fact that Mark Schmidt was not duly authorized to represent an instrumentality of the federal government, and also knew that the Federal Land Bank was foreclosing on a credit instrument." These actions are claimed to be a conspiracy in violation of the plaintiffs' civil and constitutional rights.

 It is clear that a judge is absolutely immune from liability for damages under § 1983 for actions arising out of the performance of his judicial functions unless he acted "in the clear absence of all jurisdiction." *Stump v. Sparkman,* 435 U.S. 349, 357, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978). Plaintiffs argue that Judge Statler was without jurisdiction to enter the orders which led to the foreclosure because the District Court of Baca County did not have subject matter jurisdiction over the action. In support of this argument, the plaintiffs

cite 28 U.S.C. § 1338 which vests in the federal courts exclusive jurisdiction over all actions arising under any Act of Congress relating to patents. Plaintiffs argue that a land patent, which is the original source of their title, is at issue and therefore that the Baca County Court had no jurisdiction over this matter. This argument is wholly without merit; the cited statute obviously does not apply. Judge Statler and the Baca County Court clearly had jurisdiction to hear the foreclosure action, and therefore Judge Statler is absolutely immune from liability for damages. His motion to dismiss is therefore granted.

■ With respect to the claims against Sheriff Goff and Undersheriff Arbuthnot, these defendants are protected by a qualified immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). In order to avoid dismissal of the claims against these two, the plaintiffs must allege that they knew or reasonably should have known that the plaintiffs' constitutional rights were being violated by their actions. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See also Davis v. Sherer*, — U.S. —, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984). (Defendant who otherwise passes the *Harlow* qualified immunity test regarding clearly settled constitutional law does not lose qualified immunity for violating clearly settled state law.)

■ In this case, the plaintiffs have not alleged that these two defendants knew or should have known that they were violating the plaintiffs' rights. Therefore, Goff and Arbuthnot are protected by qualified immunity. The alleged violation of a state statute does not abrogate this immunity. *Davis.* Therefore, the motion of the defendants Goff and Arbuthnot to dismiss is granted.

■ Finally, the plaintiffs' claim against Mark Schmidt is based on allegations of conspiracy between Mr. Schmidt and the other defendants. The law requires that factual allegations supporting a claim of conspiracy under § 1983 be pleaded with particularity. Although a *pro se* complaint must be construed as liberally as possible, *White v. Commissioner*, 537 F.Supp. 679 (D.Colo.1982), mere conclusory assertions are insufficient. In *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir.1983), the Tenth Circuit stated:

"When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action. *Clulow v. Oklahoma*, 700 F.2d 1291, 1303 (10th Cir.1983). The standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as are the state court judges here. *Shaffer v. Cook*, 634 F.2d 1259, 1260 (10th Cir.1980) (per curiam), *cert. denied*, 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 840 (1981); *Norton v. Liddel*, 620 F.2d 1375, 1380 (10th Cir.1980)" *Id.* at 512

■ Plaintiffs' complaint does not satisfy this standard. All claims against the defendant Schmidt therefore shall be dismissed.

Accordingly, it is ordered that the complaint and action as against Judge John C. Statler, Sheriff Willard Goff, and Undersheriff John Arbuthnot are dismissed with prejudice. The complaint and action as against the defendant Mark Schmidt are dismissed without prejudice.