Bonnie LUTZ, Plaintiff-Appellant,

v.

WELD COUNTY SCHOOL DISTRICT
NO. 6, William A. Mitchell, James B.
Elliott, Winifred Gettman, Defendants-
Appellees.

No. 84–1494.

United States Court of Appeals,
Tenth Circuit.

Feb. 10, 1986.

William P. Bethke and Larry Hobbs (Vonda G. Hall, with them on brief), of Hobbs/Bethke & Associates, Denver, Colo., for plaintiff-appellant.

Frank Plaut, (Bruce Gordon, with him on brief), of Plaut, Lipstein and Beckman, Lakewood, Colo., for defendants-appellees.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge and BOHANON, Senior District Judge.*

PER CURIAM.

The appellant Bonnie Lutz brought this action in the United States District Court for the District of Colorado claiming she was constructively discharged from her position as a tenured teacher with the defendant-appellee Weld County School District No. 6 because of her handicap, partial hearing loss, in violation of § 504 of the Rehabilitation Act of 1973, 87 Stat. 394 codified at 29 U.S.C. § 794, the equal protection clause of the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983. She also alleged that the school district and the individual defendants-appellees, who are respectively a superintendent, a director of elementary and middle school education, and an elementary

school principal of the school district, failed to reasonably accommodate her handicap as required by § 504. The action was tried to a jury commencing on March 5, 1984. At the close of Lutz' case, the district court directed a verdict against her on her claims for punitive damages, and for damages for emotional distress, loss of reputation and embarrassment. Subsequently, the jury returned a verdict in favor of all the defendant-appellees on the remaining claims.

On appeal from the final judgment entered by the district court upon the jury's verdict, Lutz has argued only two issues: 1) whether the district court committed reversible error in its instruction to the jury on the qualified immunity of the individual defendants, and 2) whether the trial court erred in excluding deposition testimony of a School Board member alleged to show Board reliance on the recommendations of the district superintendent in granting Lutz' request for early retirement.

**I.**

In reviewing jury instructions this court must "look at the jury instructions as a whole to determine whether, taken together, they properly state the law governing the case." *Robinson v. Audi NSU Auto Union,* 739 F.2d 1481, 1486 (10th Cir.1984). The applicable standard of review on appeal is "not whether an instruction was faultless in every respect, but whether the jury, considering the instruction as a whole, was misled.... Thus, only in those cases where the reviewing court has a substantial doubt whether the jury was fairly guided in its deliberations should the judgment be disturbed." *Mid-Texas Communications v. American Tel. & Tel. Co.,* 615 F.2d 1372, 1390 n. 16 (5th Cir.1980) (citations omitted) quoted in *Irving v. Dubuque Packing Co.,* 689 F.2d 170, 174 (10th Cir. 1982).

Lutz challenges the trial court's instruction No. 18 which reads as follows:

* Honorable Luther Bohanon, Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

The defendants Mitchell, Elliott, and Gettman are not liable to plaintiff for money damages if they prove that their actions are entitled to "official immunity". In cases such as this, certain public officials whose positions require the exercise of discretion cannot be found personally liable in actions under section 1983 unless the conduct of the public official violates clearly established statutory or constitutional rights of which a reasonable person would have known. If you find that the position held by any of these defendants required the exercise of discretion and that in their official capacity any of these defendants acted within the scope of his or her discretionary authority in their treatment of the plaintiff, you must find for the defendant or defendants who so acted, unless you find the defendant's conduct violated clearly established statutory or constitutional rights of the plaintiff of which the defendant or defendants should have known.

You are further instructed that the defendants bear the burden of proving that they were acting within the scope of their discretionary authority when the allegedly wrongful acts occurred. Once they have done this, however, the burden is on the plaintiff to rebut this defense and prove that the conduct of the defendants violated clearly established law.

Lutz concedes that the origin of this instruction is to be found in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In that case the Court reconsidered the standard it previously had established for the affirmative defense of qualified or "good faith" immunity. *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1000, 43 L.Ed.2d 214 (1975). Because this earlier standard included a subjective component, which had been interpreted by some courts to be a question of fact not properly decidable upon a motion for summary judgment, the standard had proved incompatible with the Court's admonition in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) that "insubstantial claims should not proceed to trial."

*Harlow,* 457 U.S. at 816, 102 S.Ct. at 2737. After balancing the competing values involved, the Court found that the judicial inquiry into subjective motivation required by the former standard tended to "be peculiarly disruptive of effective government, *"Id.* at 817, 102 S.Ct. at 2738, and accordingly held "that government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738. In line with its expressed intent to allow abbreviation of judicial proceedings involving this issue the Court further stated: "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred." *Id.* Lutz claims on the basis of this latter language that instruction No. 18 was erroneous in that it left to the jury the decision as to whether her rights were "clearly established" at the time of the alleged violations.

There is some merit to this argument. The *Harlow* Court clearly intended to create limits for qualified immunity that would promote a decision about availability of the defense in a very early stage of most lawsuits: "Until this question is resolved, discovery should not be allowed. If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Id.* at 818, 819, 102 S.Ct. at 2738. The only exception indicated by the Court to this rule of early resolution is "if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard," *Id.* at 819, 102 S.Ct. at 2738, in which case what the official knew or should have known would apparently be a matter appropriate for a jury to decide.

■ Where the affirmative defense of qualified immunity is properly raised, it is

the plaintiff's burden to convince the court that the law is clearly established:

> A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue.

*Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). Plaintiff's failure to do so, however, does not raise a jury question, but rather calls for entry of judgment in favor of the defendants who have plead the defense. As it happens, at the time of this lawsuit federal law clearly prohibited discrimination against an otherwise qualified handicapped person. Defendants were therefore entitled to an instruction on their qualified immunity defense only by raising a fact issue as to whether there were exceptional circumstances such that a reasonable person in their positions would not have known of the relevant legal standard. *Harlow*, 457 U.S. at 812, 102 S.Ct. at 2735.

▉ No such "extraordinary circumstances" were alleged by the defendants in this case, and there was therefore no fact issue concerning the defense to be submitted to the jury. *See Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 3018, 82 L.Ed.2d 139 (1984) ("no other 'circumstances' are relevant to the issue of qualified immunity.") As was said in *McKinley v. Trattles*, 732 F.2d 1320 (7th Cir.1984):

> In *Harlow*, the Supreme Court indicated that immunity was a question of law for the judge to decide in the light of the "state of the law." ... We do not believe a jury is competent to decide the "state of the law." Therefore, the jury instruction on immunity was erroneously given and the matter should have been reserved to the court.

*Id.* at 1324 (citations omitted). *Cf. Miller v. City of Mission, Kan.*, 705 F.2d 368, 375 n. 6 (10th Cir.1983) ("Whether the law in question was clearly established when the conduct complained of occurred is a legal issue to be resolved by the court.")

▉ This technical error, however, does not on the circumstances of the present case require reversal of the verdict reached by the jury. As previously noted, the instructions must be considered as a whole. When this is done, it seems clear that there is no uncertainty in the charge given to the jury, concerning the relevant rights of the plaintiff, and that the jury was given no role in deciding whether the law was clearly established. Instead, Instruction No. 10 very clearly laid out the rights of the plaintiff under the Rehabilitation Act, 29 U.S.C. § 794. The Instruction in fact quoted the key portions of the statute:

> No otherwise qualified handicapped individual in the United States ... shall, solely by reason of [her] handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

ROA Vol. I at 36. Instruction No. 16 of the charge also made clear the right relied on by plaintiff. That instruction quoted 42 U.S.C. § 1983 but, more importantly, stated thereafter that

> The right involved in this case is that secured by 29 U.S.C. § 794, otherwise known as § 504 of the Rehabilitation Act.

ROA Vol. I at 35. Thus, in very clear terms the court laid out the statutory rights of the plaintiff and did not submit them for a determination by the jury.

The portion of Instruction No. 18, which is in question, states that if the defendants meet their burden of proving that they were acting within the scope of their discretionary authority, then "the burden is on the plaintiff to rebut this defense and prove that the conduct of the defendants violated clearly established law." The issue thus submitted to the jury was whether the conduct of the defendants violated the clearly established law discussed and quoted by the court. This is the issue on the evidence which is debated in the briefs, and the parties are in serious disagreement over whether that evidence showed, as

plaintiff contends, that defendants violated her rights as an otherwise qualified handicapped person under the Rehabilitation Act. Since this Act was spelled out in Instruction No. 10, considering the charge as a whole, the jury did not have to decide whether there was a clearly established right of the plaintiff, but only whether the defendants' conduct violated that right. We cannot agree with appellant that a reasonable jury would be mislead or confused about this matter by Instruction No. 18.

There are, of course, instances where the state of the law is developing, as is the case often with constitutional rights, and a good faith defense depends on that uncertainty in the law. See, *e.g., Bertot v. School District No. 1, Alvin E. County, Wyoming,* 522 F.2d 1171, 1185 (10th Cir. 1975). In such a case the court should determine whether the law "was clearly established at the time an action occurred." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. However, that was not the case here. A simple statutory provision was involved which presented no controversy or ambiguity.

Since this statute was laid out in plain terms for the jury, we do not find that there was improper submission to the jurors of a question of law, or of the state of the law. The real issue was whether the conduct of the defendants violated the established right, defined in the instructions, and there was no reversible error in the charge in this respect.

## II.

■ Lutz' second allegation of error concerns the trial court's exclusion of certain deposition testimony of a school board member. In reviewing a trial court's decision admitting or excluding evidence, we are mindful that any error is harmless unless it affects the substantial rights of the parties, and the burden of demonstrating that substantial rights were affected rests with the party asserting error. Fed.R. Evid. 103; Fed.R.Civ.P. 61; *K–B Trucking*

*Co. v. Riss International Corp.,* 763 F.2d 1148, 1155–56 (10th Cir.1985); *Perry v. State Farm Fire & Casualty Co.,* 734 F.2d 1441, 1446 (11th Cir.1984). We also have stated that error by a trial court in specifying the grounds for exclusion of evidence is harmless where the evidence is excludable on some other ground. *United Telecomm. v. American Tel & Comm. Corp.,* 536 F.2d 1310, 1318 n. 6 (10th Cir.1976). In the present case, Lutz has argued at length on appeal that the trial court's exclusion of the deposition testimony in question was based upon an erroneous application of the "mental process" rule adopted by the courts to protect "the secret mental processes of those who acting in a judicial or quasi-judicial capacity, make decisions as to facts or as to law." *Singer Sewing Machine Co. v. N.L.R.B.,* 329 F.2d 200, 206 (4th Cir.1964). Without commenting on the merits of that rule or its applicability to the deposition in question, we note that a careful examination of the record of the bench conference concerning admission of the deposition [1] discloses that the trial judge did not in fact reveal the basis of his decision. The opposing counsel briefly argued the "mental process" rule, but the only substantive question asked by the court dealt with the relevance of the proffered evidence. Moreover, the conference ended with the following exchange:

[Counsel for Lutz]: ... all these [depositions] really do, I have to say, is reinforce—

THE COURT: I understand.

[Counsel for Lutz]: —the evidence Mr. Mitchell has already given.

[Counsel for Defendants]: If they only reinforce the evidence Mr. Mitchell has given, they are cumulative, Your Honor.

THE COURT: My silence is not a request for further argument. I'm trying to read the record.

[Counsel for Defendants]: Excuse me.

THE COURT: Objection sustained.

1. Lutz' counsel actually offered two depositions during this conference; however, on appeal Lutz has not argued any error with respect to the exclusion of one of these.

ROA Vol. IV pp 49–50. Although the comments of the court might indicate that it did not consider defense counsel's objection based on the admission that the evidence was cumulative, it would clearly be pure speculation to arrive at any conclusion about the basis of the decision made. The basis is, in any event, irrelevant since the admission by Lutz' counsel provided an adequate ground for exclusion pursuant to Fed.R.Evid. 403.[2] *United Telecomm.* Lutz' attempt to argue on appeal that the evidence was not in fact cumulative is perhaps an understandable expression of regret upon retrospection, but comes too late to change the admission made to the trial court. That court was *entitled* to rely on Lutz' counsel's own characterization of the evidence proffered and whether he did or not, the exclusion provides no substantial basis for reversing the jury verdict in favor of Weld County School District No. 6.

In accordance with the foregoing discussion, the verdict and judgment of the trial court is affirmed.

**2.** Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by ... considerations of undue delay, waste of time, or needless presentation of cumulative evidence."