Michael B. **SHIELDS**, Plaintiff,

v.

Michael D. **SHETLER**, individually, and as Sheriff of Montezuma County, Colorado, Defendant.

Civ. A. No. 87–C–1757.

United States District Court, D. Colorado.

March 29, 1988.

Stanley M. Morris, Cortez, Colo., for plaintiff.

Cathy S. Harris, Christopher Cipoletti, Hall & Evans, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Michael B. Shields commenced this action by filing a complaint alleging that the defendant Michael D. Shetler violated his constitutional and statutory rights by releasing the plaintiff's personnel file. Jurisdiction is alleged to exist under 28 U.S.C. §§ 1331 and 1443.

Defendant has filed a motion to dismiss the complaint, or in the alternative for summary judgment, on the grounds that: (1) he is protected by qualified immunity; and (2) the complaint fails to state a claim upon which relief may be granted. The parties have briefed the issues and oral argument would not materially assist my decision.

In reviewing the sufficiency of a complaint when tested by a motion to dismiss, I must accept as true the complaint's allegations and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiff has alleged no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The complaint alleges these facts: Plaintiff was a deputy sheriff of Montezuma County, Colorado, from approximately June 1, 1985 through February 20, 1987. A few months after the defendant became sheriff of Montezuma County, the plaintiff

resigned from his position as deputy. After the plaintiff's resignation, he was subpoenaed by the prosecution to appear in a criminal matter. A defense attorney in the pending criminal matter subpoenaed the plaintiff's personnel file, seeking information in the file to use in attacking the plaintiff's testimony during the trial. Defendant, as custodian of records, subsequently turned over a copy of the plaintiff's personnel file to the defense attorney for inspection.

As a result of the defendant's production of the plaintiff's file, the plaintiff alleges an array of constitutional and federal statutory violations. Plaintiff's first claim for relief alleges that the defendant violated his Fourteenth Amendment right to due process. The second, third and fourth claims for relief assert that "[t]he deliberate indifference of the Defendant to the constitutionally protected rights of the Plaintiff, violated rights secured" to the plaintiff by 42 U.S.C. §§ 1981, 1983 and 1988.

The fifth claim for relief alleges that the defendant's actions violated the plaintiff's rights secured by the Privacy Act of 1974, 5 U.S.C. § 552a, and the Colorado Open records Act, Colo.Rev.Stat. § 24–72–201 et. seq. Plaintiff specifically alleges that Shetler had a duty under Colo.Rev.Stat. § 24–72–204(3)(a)(II) to deny access to the plaintiff's personnel records, and to seek court protection instead.[1]

In response, the defendant contends that he released the plaintiff's file for inspection because the information had already become public knowledge approximately one month earlier when another defense attorney had subpoenaed the same plaintiff's file in another criminal matter. At that time the court ordered production of the file. Although the plaintiff disputes the exact date of the prior release, he admits the file was public record at the time of the second disclosure.

Defendant argues that dismissal of the complaint is required because: (1) the plaintiff has not stated a claim for relief under the Fourteenth Amendment; (2) the plaintiff cannot show any class-based discriminatory animus, and therefore cannot state a claim under 42 U.S.C. § 1981, (3) there is no separate right of action under 42 U.S.C. § 1988; (4) 5 U.S.C. § 552a does not create a private right of action, and is inapplicable to state agencies; (5) Colo.Rev.Stat. § 24–72–201 et seq. does not create a private right of action; and (6) the doctrine of qualified immunity operates to bar the plaintiff's claims for relief.

Under the doctrine of qualified immunity "government officials performing discretionary functions ... are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Davis v. Scherer,* 468 U.S. 183, 194 n. 12, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1982) (qualified immunity standard of *Harlow* applies in 42 U.S.C. § 1983 actions). Moreover, once this standard has been satisfied, discovery should not be allowed. *Lutz v. Weld County School Dist. No. 6,* 784 F.2d 340, 342 (10th Cir.1986).

When the affirmative defense of qualified immunity is raised, the plaintiff has the burden of convincing the court that his constitutional or statutory rights were clearly established at the time of the questioned conduct. *Lutz,* 784 F.2d at 342–343. Where a plaintiff fails to satisfy that burden, the court is required to enter judgment in favor of the defendants who have

---

1. Section 24–72–204(3)(a)(II) provides:

"The custodian [of any public records] shall deny the right of inspection of the following records, unless otherwise provided by law; except that any of the following records, other than letters of reference concerning employment, licensing, or issuance of permits, shall be available to the person in interest under this subsection (3):

\*  \*  \*  \*  \*  \*

(II) Personnel files, except applications and performance ratings; but such files shall be available to the person in interest and to the duly elected and appointed public officials who supervise his work; ...."

pleaded the qualified immunity defense. *Id. See Stafford v. Goff,* 609 F.Supp. 820, 822 (D.Colo.1985) (sheriff's motion to dismiss granted where plaintiff could not overcome qualified immunity defense because he failed to allege that sheriff reasonably should have known the plaintiff's constitutional rights were being violated).

▇ As a preliminary matter, I conclude that the plaintiff's claim for relief under 42 U.S.C. § 1981 is frivolous. Section 1981 "is directed to racial discrimination primarily, but is not necessarily limited to the technical or restricted meaning of 'race.'" *Manzanares v. Safeway Stores, Inc.,* 593 F.2d 968, 971 (10th Cir.1979). Plaintiff in this action is a white male. There is no allegation that the defendant discriminated against the plaintiff because of his race, no matter how broadly the term "race" may be construed.

▇ I also conclude that the doctrine of qualified immunity operates to bar the plaintiff's claims for relief under the Fourteenth Amendment and 42 U.S.C. § 1983.[2] The complaint alleges that the defendant violated the plaintiff's Fourteenth Amendment due process rights when he disclosed the plaintiff's personnel file. Notably, the complaint fails to specify whether the defendant's action infringed the plaintiff's property right or liberty interest. In his brief in opposition to the defendant's motion, however, the plaintiff implies that he had a property interest in a reasonable expectation of privacy. (Brief, at 3.)

For purposes of a § 1983 action, whether a property interest exists is dependent on state law. *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Plaintiff asserts that the state Open Records Act, Colo.Rev.Stat. § 24–72–101 *et seq.,* conferred on him a property interest in not having his personnel records disclosed. On its face that act does not create a property interest against disclosure. Moreover the plaintiff does not cite any authority supporting his contention that the act confers the asserted property interest. In any event, I need not reach the issue of whether that section creates a property interest, because even if it does, no such property interest was "clearly established" in the law when the defendant disclosed the information. Thus the defendant is entitled to rely on the defense of qualified immunity.

▇ Similarly, I conclude that the plaintiff's claim for relief under 42 U.S.C. § 1988 is without merit. Section 1988 was intended to complement the various acts that create federal claims for relief for violations of federal civil rights. *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Without a violation of another federal civil rights statute, § 1988 does not provide an independent right of action. *Id.*

▇ I need not reach the qualified immunity issue with respect to the fifth claim for relief because the statutes relied upon by the plaintiff in that claim do not provide a private right of action. The exclusive remedy for a violation of the Colorado Open Records Act is C.R.S. § 24–72–206.[3] *Board of County Comm'rs v. HAD Enterprises, Inc.,* 35 Colo.App. 162, 533 P.2d 45 (1974). That section does not provide for a private right of action.

In *Rawson v. Sears, Roebuck & Co.,* 822 F.2d 908, 915–21 (1987), *cert. denied,* ―― U.S. ――, 108 S.Ct. 699, 98 L.Ed.2d 651

---

**2.** In order to state a claim under § 1983 the complaint must meet two requirements. First it must allege that the defendant deprived the plaintiff of a right secured by the constitution or laws of the United States. Second it must assert that the defendants acted under "color of state law" in infringing the protected rights. *Clouser v. City of Thornton,* 676 F.Supp. 228 (D.Colo. 1987); *see Skadegaard v. Farrell,* 578 F.Supp. 1209, 1216 (D.N.J.1984) (it is settled law that § 1983 does not itself create a new substantive right. Rather, it merely provides a remedy for violations of federally granted or guaranteed rights).

**3.** Under Colo.Rev.Stat. § 24–72–206:

"Any person who willfully and knowingly violates the provisions of this part 2 is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one hundred dollars, or by imprisonment in the county jail for not more than ninety days, or by such fine and imprisonment."

(1988), the court held that when a statute imposes a duty on an agency or department, the statute does not give rise to civil liability for failure of the agency or department to perform that duty, unless the general assembly expressly provides for such civil liability. Since the Colorado legislature has not stated, expressly or otherwise, an intention to create civil liability under the Open Records Act, this claim for relief must be dismissed.

▮ Finally, the plaintiff's allegations asserted under the Privacy Act of 1974, 5 U.S.C. § 552a, do not state a claim for relief because that act does not apply to state agencies or bodies. *St. Michael's Convalescent Hospital v. State of California,* 643 F.2d 1369, 1373 (9th Cir.1981). Moreover, the Privacy Act of 1974 does not create a private right of action to enjoin agency disclosures. *Id.* Thus the plaintiff cannot assert a private claim for relief under this statute. For these reasons, the plaintiff's fifth claim for relief must be dismissed.

Accordingly, IT IS ORDERED that:

(1) Defendant's motion to dismiss is granted; and

(2) The complaint and this action are dismissed.