930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ramona Raye MATLOCK, Phillip A. Shepard, Farley Gene Jordan,
Hubert Coy Gilbert, Plaintiffs-Appellees,
v.
TOWN OF HARRAH, OKLAHOMA, Board of Trustees of the Town of
Harrah, Oklahoma, Gary Mixon, individually and as Trustee of
the Town of Harrah, Kevin Spaeth, individually and as a
Trustee of the Town of Harrah, Ben Jorski, individually and
as a Trustee of the Town of Harrah, Defendants-Appellants,
and
Louie Anderson, individually and a Trustee of the Town of
Harrah, Bob J. Collier, individually, Defendants.
 No. 89-6295.
 United States Court of Appeals, Tenth Circuit.
 March 21, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 In an action brought pursuant to 42 U.S.C. Sec. 1983, plaintiffs alleged violations of their due process, equal protection, and first amendment rights in connection with their termination of employment with the Town of Harrah, Oklahoma. Plaintiffs also asserted several pendent state law claims. Defendants, in their summary judgment motion, raised the defense of qualified immunity.
 
 
 3
 Following cross-motions for summary judgment, the district court 1) denied plaintiffs' summary judgment motion in toto, 2) granted summary judgment to defendants as to the section 1983 claims of plaintiffs Jordan and Gilbert, resulting also in the dismissal of their pendent state claims, 3) granted summary judgment to defendants as to the remaining plaintiffs' due process and equal protection claims, 4) denied summary judgment to defendants on the remaining plaintiffs' first amendment claims, and 5) denied qualified immunity to the individual defendants as to the first amendment claims. Defendants' motion for summary judgment on the remaining plaintiffs' state claims was granted in part and denied in part.
 
 
 4
 This appeal arises from the district court's denial of qualified immunity. Under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), the denial of summary judgment on the basis of qualified immunity is a collateral order, immediately appealable. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). As such, the denial of qualified immunity is a final decision under 28 U.S.C. Sec. 1291, which we review de novo. McEvoy v. Shoemaker, 882 F.2d 463, 465 (10th Cir.1989).
 
 
 5
 Defendants' notice of appeal lists as appellants the Town of Harrah and the Harrah Board of Trustees, together with defendants Mixon, Spaeth, and Jorski, individually and as trustees of the Town of Harrah. Defendants appeal only the district court's denial of qualified immunity. See Appellants' Brief at 4. Qualified immunity is an affirmative defense available only to individuals. Harvey v. Blake, 913 F.2d 226, 228 (5th Cir.1990). Therefore, appellants Town of Harrah and the Harrah Board of Trustees have no standing to pursue this appeal. Valdez v. City & County of Denver, 878 F.2d 1285, 1287 n. 2 (10th Cir.1989). Likewise, appellants Mixon, Spaeth, and Jorski lack standing in this appeal to the extent that they appeal the court's qualified immunity ruling in their official capacities as trustees of the Town of Harrah. See Kentucky v. Graham, 473 U.S. 159, 166-68 (1985) (qualified immunity unavailable to individuals in official-capacity suits). The district court dismissed defendants Anderson and Collier in their individual capacities by order dated July 10, 1989.
 
 
 6
 Defendants Mixon, Spaeth, and Jorski can claim qualified immunity from suit in their individual capacities when performing discretionary functions as town officials, so long as their acts do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In this factual setting, determining whether plaintiffs' first amendment rights have been violated entails a three-part analysis. See Schalk v. Gallemore, 906 F.2d 491, 494-95 (10th Cir.1990). First, did plaintiffs' speech address a matter of public concern? Connick v. Myers, 461 U.S. 138, 147 (1983). Second, if so, do plaintiffs' first amendment rights outweigh the public employer's interests in preventing disruption of its offices or the services it performs? Pickering v. Board of Educ., 391 U.S. 563, 568 (1968). Finally, if so, was plaintiffs' speech a substantial or motivating factor in defendants' termination decision? Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977).
 
 
 7
 The district court has ruled, which determinations are not before us on appeal, that the speech of remaining plaintiffs Matlock and Shepard was a matter of public concern, and that their first amendment rights survived the balancing inquiry called for in Pickering. See order dated August 24, 1989, at 11-13. The only issue before us is whether defendants are shielded from liability by qualified immunity. In this context, then, the issue on appeal is: "[a]t the time these events took place, was the protected nature of [plaintiffs'] speech sufficiently clear that defendants should have been reasonably on notice that the [town's] interest in its disciplinary rule[s] would not survive a [Pickering ] balancing inquiry?" Melton v. City of Oklahoma City, 879 F.2d 706, 729 (10th Cir.), reh'g in part granted on other grounds, 888 F.2d 724 (10th Cir.1989). See also Considine v. Board of County Comm'rs, 910 F.2d 695, 702 (10th Cir.1990) (qualified immunity inquiry in first amendment context requires that defendants be reasonably on notice that plaintiff's speech touched on a matter of public concern and that defendants' interests in the smooth operation of their office would not outweigh the employee's free speech rights). The determination whether the law was clearly established is a question of law. Lutz v. Weld County School Dist. No. 6, 784 F.2d 340, 343 (10th Cir.1986).
 
 
 8
 "As we recently made clear, when a defendant raises a qualified immunity defense, the plaintiff bears a heavy burden and must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." Laidley v. McClain, 914 F.2d 1386, 1394 (10th Cir.1990) (citing Hannula v. City of Lakewood, 907 F.2d 129, 130-31 (10th Cir.1990)). See also Powell v. Mikulecky, 891 F.2d 1454, 1457 (10th Cir.1989) (plaintiff's burden is to show that the law was clearly established at the time of the speech such that defendant was reasonably on notice that his actions would violate plaintiff's rights); Rozek v. Topolnicki, 865 F.2d 1154, 1157 (10th Cir.1989) (same); Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 646 (10th Cir.1988) (same); Lutz, 784 F.2d at 343 (same).
 
 
 9
 We have reviewed the entire appellate record, including plaintiffs' summary judgment brief and plaintiffs' objections to defendants' summary judgment brief.[1] Taking into consideration the pertinent law at the time plaintiffs' speech was made, in light of the factual circumstances surrounding this case, we conclude that plaintiffs failed to meet their burden. Assuming defendants were reasonably on notice that plaintiffs' speech regarding defendant Collier, the town's police chief, touched on a matter of public concern, see Koch v. City of Hutchinson, 814 F.2d 1489, 1498 (10th Cir.1987) (speech which evaluates performance of elected officials is of public interest), aff'd on rehearing, 847 F.2d 1436 (10th Cir.1988), cert. denied, 488 U.S. 909 (1988); Brockell v. Norton, 732 F.2d 664, 668 (8th Cir.1984) ("[t]he public has a vital interest in the integrity of those commissioned to enforce the law"); McKinley v. City of Eloy, 705 F.2d 1110, 1114 (9th Cir.1983) (speech enabling public to make informed decisions about government operation is protected), plaintiffs have not demonstrated that the law with respect to their first amendment rights was "clearly established" such that defendants should have been reasonably on notice that such rights would survive a Pickering balance inquiry in this instance.
 
 
 10
 In their brief discussion of the balancing of interests called for in Pickering, plaintiffs argued before the district court that their speech was designed to promote the town's efficiency in providing its government services, and that "the Town of Harrah should have no interest in prohibiting employees from ... candidly discussing their grievances...." Brief in support of plaintiffs' objection to defendants' motion for summary judgment at 7. This conclusory allegation finds no support in the record and is inadequate to meet plaintiffs' burden to show that the law was clearly established such that defendants would have been on notice that the town's interests in maintaining harmony, especially within its police department, would not outweigh plaintiffs' speech rights. See Wulf v. City of Wichita, 883 F.2d 842, 865 n. 33 (10th Cir.1989) (conclusory allegations insufficient to support claim that law was clearly established); Hughes v. Whitmer, 714 F.2d 1407, 1418-19 (8th Cir.1983) (highway patrol, "more so than the typical government employer," has an interest in controlling its officers' speech), cert. denied, 465 U.S. 1023 (1984).
 
 
 11
 The Supreme Court, in Anderson v. Creighton, 483 U.S. 635, 640 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 819 (1982)), noted " 'the contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right,' " quoted in V-1 Oil Co. v. State of Wy., Dep't of Environmental Quality, 902 F.2d 1482, 1487 (10th Cir.), cert. denied, 111 S.Ct. 295 (1990). Case law existing at the time of plaintiff's speech would not have provided clear guidance to defendants in determining whether plaintiffs' speech rights outweighed defendants' interests in maintaining a smoothly operating police department. "[B]ecause a rule of law determined by a balancing of interests is inevitably difficult to clearly anticipate, it follows that where Pickering balancing is required, the law is less likely to be well established than in other cases." Melton, 879 F.2d at 729.
 
 
 12
 If plaintiffs fail to meet their burden, defendants prevail. Pueblo Neighborhood, 847 F.2d at 646; Lutz, 784 F.2d at 343. Accordingly, we reverse the district court's denial of qualified immunity as to individual defendants Mixon, Spaeth, and Jorski. See Powell, 891 F.2d at 1458 (plaintiff's failure to meet this burden results in the entry of judgment in favor of the defendants as a matter of law).
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma, by order dated August 24, 1989, as to its denial of qualified immunity to defendants Mixon, Spaeth, and Jorski in their individual capacities, is REVERSED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Our review of the appellate record, although de novo, was unaided by plaintiffs' viewpoint of the case, in light of their failure to file a brief on appeal