**Robert C. ANTHONY, Plaintiff,**

v.

**Daniel G. BAKER, Defendant.**

**Civ. A. No. 82-B-1025.**

United States District Court,
D. Colorado.

Dec. 10, 1992.

---

Elvin L. Gentry, Colorado Springs, CO, for plaintiff.

Phillip A. Vaglica, Kathleen A. Carlson, Vaglica & Carlson, Colorado Springs, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff moves for a new trial contending that three jury instructions were given in error and the verdict was against the weight of the evidence. The issues are adequately briefed and oral argument will not materially aid their resolution. I conclude that the challenged jury instructions are not erroneous or misleading and the verdict was not against the weight of the evidence. Therefore, plaintiff's motion is denied.

This case has a long history. Originally filed in 1982, it has been to the Tenth Circuit and back twice. *Anthony v. Baker,* 767 F.2d 657 (10th Cir.1985), (*Anthony I*); *Anthony v. Baker,* 955 F.2d 1395 (10th Cir.1992), (*Anthony II*). The facts of the action are extensively set out in *Anthony I* and need not be repeated here. *Anthony I,* 767 F.2d at 659–62.

Trial of plaintiff's remaining 42 U.S.C. § 1983 malicious prosecution claim commenced on July 30, 1992 and continued for two weeks. On August 10, 1992, the jury returned a verdict for defendant. Plaintiff now brings this motion for a new trial under Fed.R.Civ.P. 59(a) contending that Instructions 12, 13, and 16 were erroneous statements of the law and misleading to the jury. (These instructions are attached to this order as Appendix A). Plaintiff also claims that the verdict was against the great weight of the evidence.

Rule 59(a) provides that a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Generally, courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or substantial justice has not been done. *See,* 11 Wright & Miller, *Federal Practice and Procedure,* § 2803 (1973). A new trial motion may raise errors of law arising out of the giving or refusal of jury instructions. *Id.* at § 2805, ("Any error of law, if prejudicial, is good ground for a new trial"). Further, courts will grant new trials where, having given full respect to the jury's findings and viewing the entire evidence, the trial judge is left with the "definite and firm conviction" that a mistake has been committed. *See, e.g., Landes Constr. Co. v. Royal Bank of Canada,* 833 F.2d 1365, 1371–72 (9th Cir. 1987). The decision whether to grant a new trial rests within the sound discretion of the district court. *Beacham v. Lee–Norse,* 714 F.2d 1010 (10th Cir.1983).

## I.

Plaintiff's objections to Instructions 12 and 13 both relate to the definition of and the defenses to a § 1983 claim of malicious prosecution. Therefore, I will first review the nature and elements of this claim before addressing plaintiff's specific allegations of error.

Tenth Circuit authority on the nature and elements of this claim is cryptic at best. The court starts from the baseline proposition that § 1983 was not intended to constitutionalize every state law tort in which a government official plays some part. *Norton v. Liddel,* 620 F.2d 1375, 1378 (10th Cir.1980).

We do not believe that the Fourteenth Amendment or the Civil Rights Act were designed to redress injuries incurred by reason of unfounded or malicious claims/suits brought in state court, where adequate state remedies are available to the aggrieved parties. Nevertheless, if misuse of the legal procedure is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimensions, and the tortfeasor is acting

under color of state law, § 1983 may be employed.

*Id.* Four years later, the court revisited this issue in *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1431 (10th Cir.1984), *cert. denied*, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985), saying "We believe that when private parties or public officials use criminal complaints to coerce a release of civil liability from injured persons, this action, as a malicious prosecution, is egregious and qualifies as a deprivation of due process that violates the Fourteenth Amendment."

█ In *Anthony I*, the court held that state officers are liable under § 1983 when they conspire to procure groundless state indictments and charges based upon fabricated evidence or false, distorted, or perjurious testimony presented to official bodies in order to maliciously bring about a citizen's trial or conviction. *Anthony I*, 767 F.2d at 662. I glean from these cases that a plaintiff must prove the elements of the state law tort of malicious prosecution *and* egregious conduct in order for this type of conduct to rise to the level of a constitutional deprivation. The claim, then, is one for "egregious malicious prosecution." *See, Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 408–10 (1st Cir.1990), (To impose liability under § 1983, a plaintiff must prove both the elements of malicious prosecution under state law and that the conduct is egregious or conscience shocking).

█ Under Colorado law, the tort of malicious prosecution has six elements: (1) a criminal case was brought; (2) the criminal case was brought as a result of statements made by the defendant; (3) the criminal case ended in the plaintiff's favor; (4) the defendant's statements against the plaintiff were made without probable cause; (5) the defendant was motivated by malice towards the plaintiff; and, (6) the plaintiff incurred damages. CJI–Civ.3d 17:1 (1989). The existence of probable cause is a complete defense. *B & K Distrib. Co. v. Drake Bldg. Corp.*, 654 P.2d 324, 327 (Colo.App.1982).

The Restatement (Second) of Torts § 653 provides a slightly different formulation of this tort:

A private person who initiates or procures the institution of criminal proceedings against another who is not guilty of the offense charged is subject to liability for malicious prosecution if

(a) he initiates or procures the proceedings without probable cause and primarily for a purpose other than that of bringing an offender to justice, and

(b) the proceedings have terminated in favor of the accused.

In drafting Instruction 12, I combined elements of CJI–Civ.3d 17:1 and § 653 of the Restatement, and defined the term egregious to best conform to the facts of this case in light of the above Tenth and First Circuit authority.

█ Plaintiff first objects to Instruction 12 because it did not include in the fourth element the terms "encouraged" and "perpetuated" along with "procures" or "initiates" as alternative ways a defendant's conduct could result in liability. However, plaintiff confuses the elements of his § 1983 claim with the definition of a "complaining witness" in the context of determining absolute immunity as set out in *Anthony II*. There, the court held that a police officer may be a complaining witness, and thus not entitled to immunity, if he "encouraged" or "perpetuated" a prosecution. *Anthony II*, 955 F.2d at 1402. Plaintiff cites no other authority for including these terms in the instruction defining the elements of his claim, and I know of none. Moreover, plaintiff does not explain, and I cannot see how, this purported error prejudiced his case.

█ Second, plaintiff claims that Instruction 12 "did not adequately instruct the jury that the Defendant could be found liable if his conduct so tainted the probable cause findings that the Plaintiff was deprived of his right to a fair determination of probable cause." However, this concept necessarily collapses into and, thus, is encompassed within the elements of Instruction 12. If defendant tainted the state probable cause determinations with his al-

legedly fabricated or distorted evidence, the jury could have properly found that he "initiated or procured" the prosecution. Further, if defendant so tainted the state probable cause determinations, the jury could have properly found that his conduct was egregious. *See, Anthony I,* 767 F.2d at 663, ("[A] jury could find that Baker's participation in the investigation and Grand Jury proceedings so tainted the proceedings as to constitute 'egregious conduct' and deny him his due process rights to a probable cause determination"). This was simply a matter for argument to the jury in light of the evidence admitted at trial.

Lastly, plaintiff contends that the definition of the word "egregious" is inadequate and confusing. However, to the extent that the term requires definition apart from its plain meaning, I conclude that Instruction 12 adequately defines the term, particularly in the context of plaintiff's claim.

Therefore, I hold that Instruction 12 accurately and clearly states the applicable law and plaintiff's objections do not warrant a new trial.

■ As to Instruction 13, plaintiff argues that probable cause was not an issue for the jury's consideration. In support, plaintiff relies exclusively on an isolated statement from *Anthony I:* "Baker's assertion that 'numerous determinations of probable cause by the state grand jury and state trial judge ... are conclusive evidence of the existence of probable cause' begs the question." *Anthony I,* 767 F.2d at 663. In light of the evidence admitted at trial the question begged is one of fact, not law. Here, the *prior* state determinations of probable cause cannot be *conclusive* as to the existence of probable cause because the prior determinations were allegedly tainted by defendant. Such assertion begs the precise *fact* question presented by plaintiff's claim—Did Baker maliciously procure a groundless state indictment by presenting fabricated and distorted evidence to the grand jury and state trial judge? The *Anthony I* court did not say, as plaintiff would have me believe, that the

existence of probable cause is never a jury question.

The existence of probable cause is a complete defense. *Anthony I,* 767 F.2d at 662, (State officers liable under § 1983 when they procure *groundless* state indictments). *See also, Fernandez v. Perez,* 937 F.2d 368, 371 (7th Cir.1991). Thus, I properly instructed the jury that probable cause was a question of fact for them to determine apart from any prior determinations of probable cause in the state proceedings. In resolving this factual question, the jury was free to accept or reject the evidence that defendant allegedly fabricated and distorted evidence. Indeed, two defense experts testified that there was probable cause to prosecute plaintiff without relying on any of defendant's evidence or testimony.

■ Plaintiff also argues as a matter of law that no probable cause could have existed against plaintiff because there was no evidence that plaintiff controlled the insurance proceeds allegedly stolen by deception. However, defendant presented testimony from his experts on the theory of indirect benefit from which the jury could have found probable cause on this element of the state crime.

Therefore, I conclude that I correctly instructed the jury and properly submitted this factual question for their resolution. Plaintiff's objections to Instruction 13, thus, do not warrant a new trial.

## II.

■ Plaintiff also contends that I improperly submitted the question of qualified immunity to the jury in Instruction 16. Although a claim of qualified immunity presents a question of law that ordinarily should be resolved by the court, it also contains within it potential issues of fact that may, in appropriate circumstances, be submitted to a jury.

■ A government official is entitled to qualified immunity unless that official violated clearly established constitutional or statutory rights of which a reasonable person should have known. *Harlow v. Fitz-*

*gerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). This standard has three components: (1) Was the law clearly established at the time of the alleged violation; (2) Should a reasonable person have known of this law; and, (3) Did the defendant violate this law?

■■■ Because qualified immunity offers protection from the burdens of the action as well as a defense to liability, the benefits to be gained by asserting qualified immunity would be lost if a case were erroneously permitted to go to trial. *Patrick v. Miller,* 953 F.2d 1240, 1243 (10th Cir.1992). Thus, district courts must decide entitlement to qualified immunity at an early stage of most actions. *Id.* Once a defendant asserts qualified immunity, the plaintiff bears the burden of convincing the court that the law was clearly established at the time of the alleged wrongful conduct. *Id.* Further, the plaintiff must come forward with facts or allegations sufficient to show that the defendant's conduct violated the law. *Id.* Once the plaintiff has identified the clearly established law and the conduct that violated the law, the defendant then bears the burden of showing that no material issues of fact remain which would defeat the claim of qualified immunity. *Id.*

> Our task is not to determine liability but to determine whether, on the basis of the pretrial record, there exists a conflict sufficiently material to defendant's claim of immunity to require [him] to stand trial.

*Id.* Thus, the Tenth Circuit clearly contemplates that a claim of qualified immunity can implicate factual issues that cannot be resolved before trial.

The first component of qualified immunity involves a pure question of law for the court that can and should be resolved at an early stage of the case. "On summary judgment, the judge appropriately may determine, not only the currently applicable law, but whether that law was clearly established at the time an action occurred." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. If the court determines that the law was not clearly established, the defendant is

entitled to immunity and the claim must be dismissed. However, if the court determines that the law was clearly established, the inquiry becomes more complex. "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." *Id.,* at 818–19, 102 S.Ct. at 2738.

However, "if the official pleading the defense claims extraordinary circumstances and can prove that he neither knew nor should have known of the relevant legal standard, the defense should be sustained." *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2738. In many cases though, what the defendant knew or should have known will be a disputed question of material fact precluding summary judgment on the immunity claim. *See, Patrick,* 953 F.2d at 1243. In those cases, "what the official knew or should have known would apparently be a matter appropriate for a jury to decide." *Lutz v. Weld County School District No. 6,* 784 F.2d 340, 342 (10th Cir. 1986).

As to the third component, a plaintiff can defeat a claim of qualified immunity by showing that there is a disputed issue of fact whether the defendant violated the law. *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 646 (10th Cir.1988), (The plaintiff must come forward with facts or allegations sufficient to show that the defendant's alleged conduct violated the law). Ultimately, this fact question collapses into the merits of the case for resolution in accordance with all of the jury instructions.

Here, I ruled that plaintiff's constitutional right to be free from an egregious malicious prosecution was clearly established at the time of the alleged conduct. *See, Norton,* 620 F.2d at 1378. In an appropriate case, this conclusion could be sufficient to defeat the claim of qualified immunity. However, in this case, the evidence was in conflict whether a reasonable official should have known of the law in question and whether defendant violated that law. Moreover, defendant claimed "extraordinary circumstances." Therefore, under

*Harlow* and *Lutz,* I instructed the jury on that aspect of qualified immunity, viz, whether defendant knew or should have known of the law and whether defendant knew or should have known that his conduct violated the law.

Nevertheless, plaintiff relies on *England v. Hendricks,* 880 F.2d 281, 283 (10th Cir. 1989), *cert. denied,* 493 U.S. 1078, 110 S.Ct. 1130, 107 L.Ed.2d 1036 (1990), ("The question of whether the official acted in an objectively reasonable manner is one to be resolved by the court") and *Dixon v. Richer,* 922 F.2d 1456, 1460 (10th Cir.1991), ("The claim of qualified immunity presents a question of law; the court cannot avoid the question by framing it as a factual issue"). However, plaintiff takes these statements of law out of context. A close reading of both opinions shows reference only to the first component of the qualified immunity inquiry.

Finally, even assuming that Instruction 16 was improper, plaintiff shows no prejudice. I conclude that I properly instructed the jury and properly submitted this factual question for their resolution. Plaintiff's objections to Instruction 16 do not warrant a new trial.

### III.

Lastly, defendant contends that the verdict was against the clear weight of the evidence. In its brief, plaintiff states: "By way of example, nine of Plaintiff's witnesses testified a total of 87 times to specific, documented lies told by Defendant Baker, most of which were never refuted by the Defendant." Plaintiff provides no other examples or argument on this issue.

Reviewing all the evidence, I am not left with a definite and firm conviction that the jury made a mistake. The jury was not bound to believe plaintiff's witnesses concerning defendant's "87 lies." Moreover, even assuming that the jury credited these witnesses and found that defendant acted maliciously and egregiously, their verdict could have been wholly based on the existence of probable cause to prosecute plaintiff apart from any of defendant's fabricated and distorted evidence. Therefore, plaintiff is not entitled to a new trial.

Accordingly, it is ORDERED that plaintiff's motion for a new trial is DENIED.

### APPENDIX A
### INSTRUCTION NO. 12

In order to establish that the defendant deprived the plaintiff of his constitutional right to be free from egregious malicious prosecution, the plaintiff must prove all of the following by a preponderance of the evidence:

1. a criminal case was brought against the plaintiff;

2. the criminal case was procured or initiated by the defendant;

3. the criminal case ended in favor of the plaintiff;

4. the defendant procured or initiated the criminal case without probable cause;

5. the defendant acted with malice towards the plaintiff;

6. the defendant's conduct was egregious; and

7. the plaintiff incurred damages as a result of the defendant's conduct in the criminal case.

If you find that any one or more of these seven propositions has not been proved by a preponderance of the evidence, then your verdict must be for the defendant. On the other hand, if you find that all of these propositions have been proved by a preponderance of the evidence, then your verdict must be for the plaintiff.

The term egregious is defined as being an abuse of power by one in a position of authority which shocks the conscience of the jury or which offends human dignity.

### INSTRUCTION NO. 13

Probable cause means that the defendant in good faith believed, and a reasonable person under the same or similar circumstances would also have believed that the plaintiff was guilty of the offense with which he was charged.

The determination of probable cause to believe that a person may have committed

a crime rests on the factual, practical, and common sense considerations of everyday life on which reasonable and prudent people act. Probable cause does not necessarily require convincing evidence, but only so much reasonably trustworthy information as to warrant a prudent person in believing that a person has committed an offense. As the very name implies, probable cause deals with probabilities and not hard certainties.

Plaintiff was charged with the offense of theft by deception in violation of C.R.S. § 18–4–401. The elements of this offense are:

1. the defendant;

2. in the State of Colorado, at or about the date and place charged;

3. knowingly obtained control over anything of value which was the property of another person;

4. by deception; and

5. with intent to permanently deprive the other person of the use or benefit of any thing of value.

The fact that the criminal case ended in favor of the plaintiff does not in itself prove a lack of probable cause.

### INSTRUCTION NO. 16

Government officials, such as police officers, while acting under color of law, are shielded from liability for civil damages if their conduct did not violate clearly established constitutional rights of which a reasonable police officer knew or should have known.

The plaintiff's constitutional right to be free from an egregious malicious prosecution was clearly established at all relevant times.

In order to establish this affirmative defense, the defendant must prove by a preponderance of the evidence both propositions No. 1 and No. 2 below:

1. (a) A reasonable police officer should not have known of this right, or

(b) A reasonable police officer should not have known that his conduct violated this right, and

2. (a) The defendant Daniel G. Baker in fact did not know of this right, and

(b) The defendant Daniel G. Baker in fact did not know that his conduct violated this right.

If the defendant has proved both of these propositions by a preponderance of the evidence, then your verdict must be for the defendant.